UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ALEX DAVID TONY SCOTT,<br><br>    Plaintiff,<br><br>vs.<br><br>SANDRA THOMPSON, M.D. and ALBERTSON'S SAV-ON PHARMACY,<br><br>    Defendants. | Case No. 1:20-cv-00346-BLW<br><br>**INITIAL REVIEW ORDER BY SCREENING JUDGE** |

  The Complaint of Plaintiff Alex David Tony Scott was conditionally filed by the Clerk of Court due to Plaintiff's status as an inmate and request for in forma pauperis status. (Dkt. 3, 1.) A "conditional filing" means that Plaintiff must obtain authorization from the Court to proceed. After reviewing the Complaint, the Court has determined that Plaintiff's Complaint fails to state a federal claim upon which relief can be granted.

## REVIEW OF COMPLAINT

### 1. Factual Allegations

  Plaintiff alleges that, between August 18, 2014 and July 23, 2016, a private physician, Dr. Sandra A. Thompson, M.D., prescribed him Norco tablets, knowing that they were a highly addictive opioid medication, and Defendant Albertson's Sav-On

Pharmacy filled the prescriptions. He asserts that he attempted suicide as a result of the prescription, and that he eventually was sent to prison for illegal use of illicit drugs.

## 2. Standards of Law

Under modern pleading standards, Federal Rule of Civil Procedure 8 requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The *Iqbal/Twombly* "facial plausibility" standard is met when a complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*, citing *Twombly*, 550 U.S. at 556. A plaintiff must provide sufficient factual allegations to show that there is "more than a sheer possibility that a defendant has acted unlawfully." *Ibid*. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Ibid*.

In addition, the Prison Litigation Reform Act (PLRA)[1] requires the Court to screen all pro se prisoner and pauper complaints to determine whether they have stated a claim upon which relief can be granted before such complaints are served on the defendants. 28 U.S.C. §§ 1915 & 1915A. The Court must dismiss any claims that are frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek

---

[1] Pub. L. No. 104-134, 110 Stat. 1321, *as amended*, 42 U.S.C. § 1997e, *et seq.*

monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

The Court liberally construes a plaintiff's pleadings to determine whether the case should be dismissed for lack of a cognizable legal theory or a failure to plead sufficient facts to support a cognizable legal theory, under the *Iqbal*/*Twombly* standard. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989). Rule 12(b)(6) authority to dismiss claims as explained in *Jackson* was expanded by the PLRA, giving courts power to dismiss deficient claims sua sponte, either before or after opportunity to amend as explained in *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000). Under the PLRA, the Court retains screening authority to dismiss claims "at any time" during the litigation, regardless of fee payment. 28 U.S.C. § 1915(e)(2)(B).

Plaintiff brings claims under 42 U.S.C. § 1983, the civil rights statute. To state a claim under § 1983, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). For Plaintiff's purposes, 42 U.S.C. § 1983 is an implementing statute that makes it possible to bring a cause of action under the Amendments of the United States Constitution.

### 3. Discussion of Claims Asserted against Private Actors

Section 1983 actions can be asserted only against state actors, or, in very particular circumstances, against private actors acting under color of law. It is presumed that private conduct does not constitute governmental action. *See Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir. 1992) ("Only in rare circumstances can a private party be viewed as a 'state actor' for section 1983 purposes."); *Price v. Hawaii*, 939 F.2d 702, 707–08 (9th Cir. 1991) ("[P]rivate parties are not generally acting under color of state law.").

For private conduct to constitute governmental action, "something more" must be present. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 939 (1982). Courts have used four different factors to identify what constitutes "something more": (1) public function, (2) joint action, (3) governmental compulsion or coercion, and (4) governmental nexus. *Id.*; *Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 835–36 (9th Cir. 1999). "While these factors are helpful in determining the significance of state involvement, there is no specific formula for defining state action." *Howerton v. Gabica*, 708 F.2d 380, 383 (9th Cir. 1983).

Plaintiff has not alleged facts plausibly showing that the private person and entity he has named in his Complaint were acting under color of state law. Rather, it appears that his claims appear to be state law causes of action that should be asserted in state court.

### 4. Discussion of Statute of Limitations Issue

The statute of limitations period for filing a civil rights lawsuit under 42 U.S.C. § 1983 is determined by the statute of limitations period for personal injuries in the state where the claim arose. *Wilson v. Garcia*, 471 U.S. 261 (1985) (later overruled only as to claims brought under the Securities Exchange Act of 1934, not applicable here). Idaho Code § 5-219 provides for a two-year statute of limitations for professional malpractice, personal injury, and wrongful death actions. Federal civil rights actions arising in Idaho are governed by this two-year statute of limitations.

Although the Court relies upon the state statute of limitations to determine the time for filing a claim, the Court uses federal law to determine when a claim accrues. *Elliott v. City of Union City*, 25 F.3d 800, 801-02 (9th Cir. 1994). The Ninth Circuit has determined that a claim accrues when the plaintiff knows, or should know, of the injury that is the basis of the cause of action. *See Kimes v. Stone*, 84 F.3d 1121, 1128 (9th Cir. 1996). Under this "discovery rule," the statute begins to run once a plaintiff knows of his injury and its cause. *Gibson v. United States*, 781 F.2d 1334, 1344 (9th Cir. 1986). A claim accrues upon awareness of an actual injury, "and not when the plaintiff suspects a legal wrong." *Lukovsky v. City and County of San Francisco*, 535 F.3d 1044, 1049 (9th Cir. 2008).

Under limited circumstances, untimely claims sometimes can be salvaged. State law governs equitable excuses related to the statute of limitations. The Idaho Supreme Court has determined that "[s]tatutes of limitation in Idaho are not tolled by judicial

construction but rather by the expressed language of the statute." *Wilhelm v. Frampton*, 158 P.3d 310, 312 (Idaho 2007). Idaho statutorily tolls the limitations period for a person's minority status or insanity. I.C. § 5-230.

The theory of equitable estoppel is also available. While it "does not 'extend' a statute of limitation," it works in a similar manner to prevent a party who has falsely represented or concealed a material fact with actual or constructive knowledge of the truth "from pleading and utilizing the statute of limitations as a bar, although the time limit of the statue may have already run." *J.R. Simplot Co., v. Chemetics International, Inc.*, 887 P.2d 1039, 1041 (Idaho 1994).

If claims are untimely filed and the untimeliness cannot be excused, they are subject to dismissal for fail to state a claim upon which relief can be granted, and are also subject to a strike under 28 U.S.C. § 1915(g). *See Belanus v. Clark*, 796 F.3d 1021, 1030 (9th Cir. 2015). However, a complaint should not be dismissed without leave to amend unless it is clear that the complaint's deficiencies cannot be cured. *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000).

The latest act of Defendants of which Plaintiff complains occurred on June 23, 2016. That means Plaintiff's lawsuit should have been filed no later than June 23, 2018. Plaintiff's Complaint is approximately four years too late. Therefore, it is subject to dismissal with prejudice. Plaintiff will be provided with an opportunity to file an amended complaint to show that he should be permitted to proceed.

## ORDER

**IT IS ORDERED:**

1. Plaintiff shall file an amended complaint within **30 days** that states facts showing that Defendants are state actors and that he complied with the statute of limitations or that equitable tolling or estoppel should be applied to render his claims timely.

2. Failure to take any further action will result in dismissal of this case with prejudice under Federal Rule of Civil Procedure 41(b) and issuance of a strike under 28 U.S.C. § 1915(g), without further notice.

DATED: October 13, 2020

B. Lynn Winmill
U.S. District Court Judge