UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ALEX DAVID TONY SCOTT,<br><br>                    Plaintiff,<br><br>vs.<br><br>SANDRA THOMPSON, M.D. and<br>ALBERTSON'S SAV-ON<br>PHARMACY,<br><br>                    Defendants. | Case No. 1:20-cv-00346-BLW<br><br>**SUCCESSIVE REVIEW ORDER** |

In the Initial Review Order, the Court informed Plaintiff Alex David Tony Scott that he could not proceed on his prison civil rights complaint for failure to show that the defendants are state actors and a potential statute of limitations bar. Plaintiff has filed an Amended Complaint (Dkt. 10), a letter about his inability to obtain his mental health records from the prison (Dkt. 9), and a Motion to Appoint Counsel (Dkt. 8), which the Court now reviews.

## REVIEW OF AMENDED COMPLAINT

### 1.  Factual Allegations

Plaintiff alleges that, between August 18, 2014 and May 2 or July 23, 2016, a private physician, Dr. Sandra A. Thompson, M.D., prescribed him Norco tablets, knowing that they were a highly addictive opioid medication, and Defendant Albertson's

SUCCESSIVE REVIEW ORDER - 1

Sav-On Pharmacy filled the prescriptions. He asserts that he attempted suicide as a result of the prescription, and that he eventually was sent to prison for illegal use of illicit drugs.

### 2.  Standards of Law

Plaintiff brings claims under 42 U.S.C. § 1983, the civil rights statute. To state a claim under § 1983, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). For Plaintiff's purposes, 42 U.S.C. § 1983 is an implementing statute that makes it possible to bring a cause of action under the Amendments of the United States Constitution. Under the PLRA, the Court retains screening authority to dismiss claims "at any time" during the litigation, regardless of fee payment. 28 U.S.C. § 1915(e)(2)(B).

The statute of limitations period for filing a civil rights lawsuit under 42 U.S.C. § 1983 is determined by the statute of limitations period for personal injuries in the state where the claim arose. *Wilson v. Garcia*, 471 U.S. 261 (1985) (later overruled only as to claims brought under the Securities Exchange Act of 1934, not applicable here). Idaho Code § 5-219 provides for a two-year statute of limitations for professional malpractice, personal injury, and wrongful death actions. Federal civil rights actions arising in Idaho are governed by this two-year statute of limitations.

Although the Court relies upon the state statute of limitations to determine the time for filing a claim, the Court uses federal law to determine when a claim accrues. *Elliott v. City of Union City*, 25 F.3d 800, 801-02 (9th Cir. 1994). The Ninth Circuit has determined that a claim accrues when the plaintiff knows, or should know, of the injury

that is the basis of the cause of action. *See Kimes v. Stone*, 84 F.3d 1121, 1128 (9th Cir. 1996). Under this "discovery rule," the statute begins to run once a plaintiff knows of his injury and its cause. *Gibson v. United States*, 781 F.2d 1334, 1344 (9th Cir. 1986). A claim accrues upon awareness of an actual injury, "and not when the plaintiff suspects a legal wrong." *Lukovsky v. City and County of San Francisco*, 535 F.3d 1044, 1049 (9th Cir. 2008).

Under limited circumstances, untimely claims sometimes can be salvaged. State law governs equitable excuses related to the statute of limitations. The Idaho Supreme Court has determined that "[s]tatutes of limitation in Idaho are not tolled by judicial construction but rather by the expressed language of the statute." *Wilhelm v. Frampton*, 158 P.3d 310, 312 (Idaho 2007). Idaho statutorily tolls the limitations period for a person's minority status or insanity. I.C. § 5-230.

The theory of equitable estoppel is also available. While it "does not 'extend' a statute of limitation," it works in a similar manner to prevent a party who has falsely represented or concealed a material fact with actual or constructive knowledge of the truth "from pleading and utilizing the statute of limitations as a bar, although the time limit of the statue may have already run." *J.R. Simplot Co., v. Chemetics International, Inc.*, 887 P.2d 1039, 1041 (Idaho 1994).

If claims are untimely filed and the untimeliness cannot be excused, they are subject to dismissal for fail to state a claim upon which relief can be granted, and are also subject to a strike under 28 U.S.C. § 1915(g). *See Belanus v. Clark*, 796 F.3d 1021, 1030 (9th Cir. 2015). However, a complaint should not be dismissed without leave to amend

unless it is clear that the complaint's deficiencies cannot be cured. *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000).

### 3. Discussion of Claims Asserted against Private Actors

Section 1983 actions can be asserted only against state actors, or, in very particular circumstances, against private actors acting under color of law. It is presumed that private conduct does not constitute governmental action. *See Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir. 1992) ("Only in rare circumstances can a private party be viewed as a 'state actor' for section 1983 purposes."); *Price v. Hawaii*, 939 F.2d 702, 707–08 (9th Cir. 1991) ("[P]rivate parties are not generally acting under color of state law.").

For private conduct to constitute governmental action, "something more" must be present. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 939 (1982). Courts have used four different factors to identify what constitutes "something more": (1) public function, (2) joint action, (3) governmental compulsion or coercion, and (4) governmental nexus. *Id*.; *Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 835–36 (9th Cir. 1999). "While these factors are helpful in determining the significance of state involvement, there is no specific formula for defining state action." *Howerton v. Gabica*, 708 F.2d 380, 383 (9th Cir. 1983).

The Court previously explained this standard of law to Plaintiff and notified him that he did not allege facts plausibly showing that Dr. Thompson and Albertson's Sav-on Pharmacy were acting under color of state law. Plaintiff has not remedied that defect in his Amended Complaint. Nothing shows that these Defendants were acting with or on behalf of the government. Therefore, a civil rights cause of action does not lie. Nor can a

federal court entertain a state law cause of action that does not have a federal cause of action to anchor it. For these reasons, this claim fails to state a federal claim upon which relief can be granted.

### 4.   Discussion of Statute of Limitations Issue

The statute of limitations period for filing a civil rights lawsuit under 42 U.S.C. § 1983 is determined by the statute of limitations period for personal injuries in the state where the claim arose. *Wilson v. Garcia*, 471 U.S. 261 (1985) (later overruled only as to claims brought under the Securities Exchange Act of 1934, not applicable here). Idaho Code § 5-219 provides for a two-year statute of limitations for professional malpractice, personal injury, and wrongful death actions. Federal civil rights actions arising in Idaho are governed by this two-year statute of limitations.

Although the Court relies upon the state statute of limitations to determine the time for filing a claim, the Court uses federal law to determine when a claim accrues. *Elliott v. City of Union City*, 25 F.3d 800, 801-02 (9th Cir. 1994). The Ninth Circuit has determined that a claim accrues when the plaintiff knows, or should know, of the injury that is the basis of the cause of action. *See Kimes v. Stone*, 84 F.3d 1121, 1128 (9th Cir. 1996). Under this "discovery rule," the statute begins to run once a plaintiff knows of his injury and its cause. *Gibson v. United States*, 781 F.2d 1334, 1344 (9th Cir. 1986). A claim accrues upon awareness of an actual injury, "and not when the plaintiff suspects a legal wrong." *Lukovsky v. City and County of San Francisco*, 535 F.3d 1044, 1049 (9th Cir. 2008).

Under limited circumstances, untimely claims sometimes can be salvaged. State law governs equitable excuses related to the statute of limitations. The Idaho Supreme Court has determined that "[s]tatutes of limitation in Idaho are not tolled by judicial construction but rather by the expressed language of the statute." *Wilhelm v. Frampton*, 158 P.3d 310, 312 (Idaho 2007). Idaho statutorily tolls the limitations period for a person's minority status or insanity. I.C. § 5-230.

The theory of equitable estoppel is also available. While it "does not 'extend' a statute of limitation," it works in a similar manner to prevent a party who has falsely represented or concealed a material fact with actual or constructive knowledge of the truth "from pleading and utilizing the statute of limitations as a bar, although the time limit of the statue may have already run." *J.R. Simplot Co., v. Chemetics International, Inc.*, 887 P.2d 1039, 1041 (Idaho 1994).

If claims are untimely filed and the untimeliness cannot be excused, they are subject to dismissal for fail to state a claim upon which relief can be granted, and are also subject to a strike under 28 U.S.C. § 1915(g). *See Belanus v. Clark*, 796 F.3d 1021, 1030 (9th Cir. 2015). However, a complaint should not be dismissed without leave to amend unless it is clear that the complaint's deficiencies cannot be cured. *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000).

The Court previously explained the standard of law to Plaintiff and notified him that, because the latest act of Defendants of which Plaintiff complains occurred on June 23, 2016, his original Complaint should have been filed no later than June 23, 2018. Nothing in the Amended Complaint show that the original Complaint was timely or is

entitled to any equitable considerations that would cause the Court to be able to entertain it. Plaintiff's Complaint is approximately four years too late. Therefore, it is subject to dismissal with prejudice.

## ORDER

**IT IS ORDERED:**

1. Plaintiff's Motion for Appointment of Counsel (Dkt. 8) is DENIED, as further amendment would not remedy the defects requiring dismissal of this action. Further, prison medical and mental health records would not be helpful to this determination, because the facts alleged simply do not state a federal civil rights claim.

2. The Amended Complaint (Dkt. 10), and this entire action, are DISMISSED for failure to state a federal claim upon which relief can be granted.

DATED: December 3, 2020

B. Lynn Winmill
U.S. District Court Judge